IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Case No. 3:13-cr-00092-RRB |
|---|---|
| Plaintiff, | |
| vs. | **SUPPLEMENTAL ORDER REGARDING REQUEST FOR INDICATIVE RULING** |
| STUART T. SEUGASALA, | **(Docket 1145)** |
| Defendant. | |

## I.   INTRODUCTION

Before the Court is Defendant, Stuart T. Seugasala, with a Motion for Indicative Ruling with respect to a Motion to Set Aside Judgment Under Fed. R. Civ. P. 60(b).[1] The Government opposes the motion.[2]

As this matter is on appeal and everyone involved concedes that this Court does not have jurisdiction over a Rule 60(b) motion, this Court promptly denied the Rule 60(b) motion without prejudice, while deferring a ruling on the request for an Indicative Ruling.[3] The Court now addresses the request for an Indicative Ruling.

---

[1] Dockets 1144, 1145.
[2] Docket 1146.
[3] Docket 1147, as amended at Docket 1148.

Defendant's request, in the simplest of terms, is that the Court review the proposed Rule 60(b) motion to indicate whether the Court finds any merit to the motion and, if so, to indicate such to the Court of Appeals. The Government's opposition suggests that the Court should defer any decision until after the Court of Appeals returns jurisdiction to this Court.[4] However, given the time appeals take, the Court will grant the request for an Indicative Ruling on the underlying Rule 60(b) motion. **For the reasons explained below, the Court would DENY the Rule 60(b) motion at Docket 1144, if given jurisdiction to do so.**

## II. BACKGROUND

After a nine-day jury trial, beginning January 5, 2015, Defendant was convicted of the seven counts against him in the Amended First Superseding Indictment, including kidnapping and assault.[5] Defendant was sentenced to Life on multiple counts, as well as shorter terms on a handful of other counts. In a parallel proceeding arising out of the same conduct, the Honorable H. Russel Holland imposed an additional consecutive sentence of 48 months for a probation violation.[6] Defendant's conviction was upheld on appeal in an order filed by the United States Court of Appeals for the Ninth Circuit on August 2, 2017.[7] The United States Supreme Court denied certiorari on April 18, 2018.[8] This Court has subsequently considered Defendant's Motion to Vacate under 28 U.S.C.

---

[4] Docket 1146.
[5] Docket 391.
[6] Case No. 3:11-cr-00031-HRH, Docket 76.
[7] Docket 1149.
[8] Docket 893.

*United States v. Seugasala*     Case No. 3:13-cr-00092 RRB
Supplemental Order Regarding Request for Indicative Ruling (Docket 1145)     Page 2
Case 3:13-cr-00092-RRB    Document 1152    Filed 05/30/24    Page 2 of 10

§ 2255,[9] which was granted in part and denied in part.[10] Defendant was resentenced by this Court on December 13, 2023.[11] Defendant currently is appealing both the partial denial of his 28 U.S.C. § 2255 motion, as well as the reduction in sentence resulting from the partial granting of his § 2255 motion.[12]

### III. DISCUSSION

**A.  Request for Indicative Ruling—Rule 62.1**

The Federal Rules allow a district court to indicate to the court of appeals that it would alter its ruling if the appeal were remanded for that purpose. This process is governed by Fed. R. Civ. P. 62.1, which reads:

> **(a) Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> **(1)** defer considering the motion;
>
> **(2)** deny the motion; or
>
> **(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> **(b) Notice to the Court of Appeals.** The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> **(c) Remand.** The district court may decide the motion if the court of appeals remands for that purpose.

---

[9] Docket 895.
[10] Docket 1074.
[11] Dockets 1126 (text entry), 1128 (text entry), 1129 (text entry).
[12] Docket 1132.

*United States v. Seugasala*  Case No. 3:13-cr-00092 RRB
Supplemental Order Regarding Request for Indicative Ruling (Docket 1145)  Page 3
Case 3:13-cr-00092-RRB   Document 1152   Filed 05/30/24   Page 3 of 10

Under Rule 62.1(a), a court has several alternatives regarding the request for an Indicative Ruling. Under section (a)(1), the district court judge may defer deciding the issue until the pending appeal is concluded and jurisdiction reverts back to the district court. This is the solution proposed by the Government. However, the Court opts not to defer ruling.

Alternatively, under sections (a)(2) and (3), the district court judge may review the proposed motion and consider the merits, which the Court has done below. If the district court determines that it would grant the motion, or even that the motion raises a "substantial issue," it is then obligated to communicate this to the Court of Appeals.[13] However, this Court does not find that the motion raises a substantial issue, or that it should be granted. Accordingly, there is no requirement to notify the Court of Appeals. Rather, the Court has reviewed the proposed motion and considered the merits and, for the reasons set forth below, concludes that it would deny the proposed 60(b) motion.

**B.    Alleged Conflict**

In order to request an Indicative Ruling, the moving party first must be motivated by some concern or issue. In this case, Defendant suggests that shortly before his December 13, 2023, resentencing, he obtained information connecting his cousin, Ricky Sierer (hereinafter "R.S."), to a daughter of the undersigned (hereinafter "T.B."). R.S. was neither indicted nor called as a witness at trial, but Defendant argues that R.S.

---

[13] Fed. R. Civ. P. 62.1(a)(3) & (b); Fed. R. App. P. 12.1. Then it would be up to the circuit court to decide whether to send the case back to the district court and empower the lower court to rule.

*United States v. Seugasala*  Case No. 3:13-cr-00092 RRB
Supplemental Order Regarding Request for Indicative Ruling (Docket 1145)  Page 4
Case 3:13-cr-00092-RRB   Document 1152   Filed 05/30/24   Page 4 of 10

"played a prominent role in the events of this case,"[14] over which this Court has presided over the course of eleven years.

All of the relevant events in this case occurred between 2010 and 2013, and took place in Anchorage, Alaska, where Defendant resided.[15] R.S., who was living in Fairbanks, was identified by Defendant as the middleman who connected Defendant with the two kidnapping victims, and R.S.'s photo and phone records were introduced at trial.[16] R.S. allegedly provided at least one weapon involved in the crimes, and testimony "implicated R.S. as an unindicted participant in the charged drug conspiracy as well as a key figure in the kidnapping counts."[17] In the context of Defendant's § 2255 Petition, Defendant submitted declarations attesting that his aunt and uncle (*i.e.*, R.S.'s parents) were a significant source of trauma and abuse during his childhood.[18]

Defendant asserts that R.S. has stated, under penalty of perjury, that he dated T.B. "on and off for a few years, beginning when they were in high school"; that he visited the undersigned's home and "even stayed there"; that he still talks to T.B. if he sees her in the community; that he knew the undersigned and that they were "friendly"; and that R.S.'s sister, J.S., is "close to the presiding judge through church."[19]

The foregoing forms the crux of Defendant's proposed Rule 60(b) motion, suggesting that the undersigned has "never disclosed a connection to [R.S.] or his family,"

---

[14] Docket 1144 at 3.
[15] Dockets 2 (Indictment), 391 (Amended First Superseding Indictment).
[16] Docket 1144 at 3.
[17] *Id*. at 4.
[18] *Id*. (citing Dockets 1042, 1043, 1113 (sealed)).
[19] *Id*. at 5 (citing Declaration of Richard "Ricky" Sierer, Docket 1144-9 at ¶¶ 1–6).

United States v. SeugasalaCase No. 3:13-cr-00092 RRB
Supplemental Order Regarding Request for Indicative Ruling (Docket 1145)Page 5
Case 3:13-cr-00092-RRB   Document 1152   Filed 05/30/24   Page 5 of 10

and that this connection runs afoul of 28 U.S.C. § 455(a), which requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[20] Defendant argues that *any* connection to R.S. and his family warranted the Court's recusal from his § 2255 proceedings, including resentencing, suggesting that R.S. and his family were the "centerpiece of Mr. Seugasala's resentencing presentation."[21]

As explained below, the undersigned finds the affidavit vague and misleading, as it significantly overstates any connection between the undersigned and any of the individuals mentioned.

C. Recusal Analysis Under § 455

Disqualification of a judge for the "appearance of bias" is governed by 28 U.S.C. § 455(a), which requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[22] Section 455 does not require, and Defendant has not requested, that the recusal motion be referred to another judge.[23] "The weight of authority indicates that it is perfectly proper, indeed the norm, for the challenged judge to rule on a recusal motion pursuant to section 455."[24]

---

[20] *Id.* at 7.
[21] *Id.* at 10.
[22] Section 455(b) addresses additional circumstances which require recusal, none of which are relevant here. Additionally, Section 144 addresses recusal for *actual* bias, which has not been alleged here.
[23] Defendant argues only that the Court should "vacate its order and judgment partially denying Mr. Seugasala section 2255 relief . . . and order this case reassigned to a different judge for further proceedings." Docket 1144 at 11.
[24] Federal Judicial Center, *Recusal: Analysis of Case Law Under 28 U.S.C. §§ 455 & 144* 44 (2002) (citing *Schurz Communications, Inc. v. FCC*, 982 F.2d 1057, 1059 (7th Cir. 1992)).

*United States v. Seugasala*    Case No. 3:13-cr-00092 RRB
Supplemental Order Regarding Request for Indicative Ruling (Docket 1145)    Page 6
Case 3:13-cr-00092-RRB    Document 1152    Filed 05/30/24    Page 6 of 10

As explained in guidance provided by the Federal Judicial Center, "Judges often cannot avoid some acquaintance with the underlying parties or events that give rise to litigation. Such acquaintance, by itself, will generally not require recusal."[25] Recusal is more likely in cases where the judge has a familial or other close personal or professional relationship to attorneys or others. Social relationships are less likely to provide a valid basis for judicial disqualification, and casual acquaintances even less so.[26] "[A]n untoward appearance will seldom be deemed to arise in cases where the judge is only casually acquainted with a person who is appearing in a proceeding . . . particularly in small jurisdictions, where such contacts are the most difficult to avoid."[27]

Fairbanks, Alaska, is a small jurisdiction where casual acquaintances are unavoidable. Moreover, the Court notes that R.S.'s affidavit indicates only a favorable or "friendly" association with the undersigned and the undersigned's family. The Court is confident that such acquaintances of long ago do not support a defendant's suggestion that a judge would be, or would appear to have been, biased or prejudiced against him. Therefore, even if the affidavit was completely accurate in this case, the Court finds that it does not set forth a basis for recusal under § 455.

Section 455 "is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge."[28] Accordingly, there is no requirement that the Court

---

[25] *Id*. at 26.
[26] Richard E. Flamm, JUDICIAL DISQUALIFICATION; Recusal and Disqualification of Judges 193, 203 (2nd ed. 2007).
[27] *Id*. (citations omitted).
[28] United States v. Sibla, 624 F.2d 864, 867–68 (9th Cir. 1980).

*United States v. Seugasala*　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:13-cr-00092 RRB
Supplemental Order Regarding Request for Indicative Ruling (Docket 1145)　　　　　　　　　Page 7
Case 3:13-cr-00092-RRB　　Document 1152　　Filed 05/30/24　　Page 7 of 10

provide a lengthy explanation for failure to recuse under § 455. However, in light of the undersigned's age and health, this Order documents the undersigned's recollection of relevant events, and clarifies the timing and content of any interactions.

As indicated above, the undersigned disagrees with R.S.'s affidavit in several respects, as it suggests close relationships, rather than casual acquaintances. To the best of the undersigned's recollection, the only knowledge or contact the undersigned ever had with R.S. occurred in the early to mid-1990s while the undersigned was residing in Fairbanks, Alaska. Two of the undersigned's five children attended high school with R.S. The only time the undersigned recalls ever seeing and speaking with R.S. occurred in roughly 1994 when R.S. stopped by the family home to visit T.B. The undersigned opened the door, welcomed the young man in, and called for T.B. The interaction probably lasted less than 20 seconds and was very cordial or "friendly." R.S. stayed at the home for a short time and then departed. This is the only in-person contact the undersigned recalls having with R.S., and the only time the undersigned is aware of R.S. being in the family home. The undersigned recalls that R.S. and T.B. socialized for a period of time as high school students, but does not recall any formal "dating," such as high school Proms or Balls, and never saw them together other than the incident mentioned above. T.B. graduated from High School in 1996 and, as far as the undersigned knows, had no relationship with R.S. thereafter.

In the roughly 20 years preceding the trial, 13 years of which the undersigned resided in Anchorage as opposed to Fairbanks, the undersigned cannot recall R.S.'s name or that of his family spoken by anyone in any context whatsoever. When R.S.'s name did

*United States v. Seugasala*  Case No. 3:13-cr-00092 RRB
Supplemental Order Regarding Request for Indicative Ruling (Docket 1145)  Page 8
Case 3:13-cr-00092-RRB   Document 1152   Filed 05/30/24   Page 8 of 10

come up at trial in 2015, while unexpected, it was merely a name from Fairbanks from the distant past and not material in any way as to how the matter proceeded thereafter. Moreover, the undersigned does not know R.S.'s parents, and had no knowledge of their parenting skills or family dynamics. Nor was the undersigned at all aware of the nature of the family's relationship with Defendant.

The one member of the R.S. family that the undersigned did know was R.S.'s sister, J.S. The undersigned met J.S., coincidently, probably in the late 1990s, as part of a church congregation they both attended, thus illustrating the small-town nature of the community. The association was for a relatively short period of time, well over 25 years ago, and dealt solely with church related matters in group church settings. The undersigned has not seen or heard of J.S. in decades and is currently unaware of her whereabouts. Certainly, there was nothing about this long-ago acquaintance that prejudiced Defendant in any way.

"[I]f the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself[.]"[29] Here, the associations that Defendant complains of were in the distant past, now almost 30 years ago, and always were "friendly" and minimal, if they occurred at all. They did not interfere in any way with the manner in which the trial was conducted, with the undersigned's perspective of Defendant, or with how the undersigned addressed any of the post-trial matters. Nor was there an appearance of impropriety, given the very minimal contacts involved, and how long ago

---

[29] *Sibla,* 624 F.2d at 868.

*United States v. Seugasala*     Case No. 3:13-cr-00092 RRB
Supplemental Order Regarding Request for Indicative Ruling (Docket 1145)     Page 9
Case 3:13-cr-00092-RRB    Document 1152    Filed 05/30/24    Page 9 of 10

they were. The Court, therefore, finds no basis for recusal in this matter. Under Rule 62.1(a)(2), this ends the inquiry.

As an aside, the Court recalls that the Defendant indicated at re-sentencing that he sought a sentence that was not a life sentence, as he had received initially. "Please give me a sentence in numbers, not letters," he asked, to improve the quality of his time in custody.[30] However, both the Government and Probation strongly advocated for a guideline sentence of life, given the horrific nature of the crimes and the manner in which Defendant boasted of them thereafter, including to his teenaged son.[31] The Court, however, acquiesced to Defendant's request and, due in part to the arguments of defense counsel, sentenced Defendant to a below-guideline sentence of 840 months, apparently improving the quality of Defendant's custodial time. This certainly did not indicate bias against Defendant.

## IV. CONCLUSION

After a thorough review of the instant motions and relevant attachments, the Court finds the proposed Rule 60(b) motion to be without merit. While the request for an Indicative Ruling is granted, the result is not in the movant's favor. For the reasons set forth above, the Court would deny the Rule 60(b) motion if it had jurisdiction to do so.

IT IS SO ORDERED this 30th day of May, 2024, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

[30] Docket 1138 at 55.
[31] Dockets 1104 (sealed), 1118.

*United States v. Seugasala*     Case No. 3:13-cr-00092 RRB
Supplemental Order Regarding Request for Indicative Ruling (Docket 1145)     Page 10
Case 3:13-cr-00092-RRB     Document 1152     Filed 05/30/24     Page 10 of 10